UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP WEINTRAUB and
JAMILA WEINTRAUB,

        Plaintiffs,

    -v-

GREAT NORTHERN INSURANCE COMPANY,

        Defendant.

21-cv-7965 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

    Now before the Court is the motion of defendant Great Northern Insurance Co. ("GNIC") for reconsideration of the Court's recent opinion and order resolving the limited-scope bench trial held on the parties' consent, ECF 45 ("Opinion"), or, in the alternative, for interlocutory appeal from the Opinion. ECF 47 ("Motion").[1] The Court assumes the parties' familiarity with the factual and procedural background, the Opinion, and the arguments made in the Motion and plaintiffs' opposition thereto. For the reasons set forth below, the Motion is denied in full.

I. **Motion for Reconsideration**

    Motions for reconsideration are governed by Local Rule 6.3. "On ... a Local Rule 6.3 motion, a party may not advance new facts,

---

[1] All undefined, capitalized terms have the meanings defined in the Opinion. Unless otherwise specified, all internal quotation marks, citations, omissions, emphases, and alterations are omitted from all sources cited herein.

issues, or arguments not previously presented to the Court." Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc., 265 F.3d 97, 115 (2d Cir. 2001). "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013).

GNIC's motion is predicated on the new argument concerning a provision of the 2018 Policy allowing for automatic renewal of the insurance policy on the existing terms and conditions if the insurer mails an invoice after the coverage term has elapsed and the insured pays the premium as billed. ECF 48 ("Mot.") at 4. GNIC now contends that this provision automatically incorporates the 2018 Policy's terms forward into the 2019 Policy, regardless of how the renewal was achieved. GNIC nowhere cites where it previously made any similar argument, either in support of its motion to dismiss the complaint or in connection with the recent bench trial, which concerned whether GNIC was entitled to enforce an undelivered notice of claim provision and thereby obtain dismissal of the Weintraubs' lawsuit.[2] Indeed,

---

[2] Contrary to GNIC's suggestion, the Opinion did not go "a step further" than the motion to dismiss opinion. Mot. 3 n. 3. In support of its motion to dismiss, GNIC submitted the Long Policy as the contract supposedly in force from 2019-2020. GNIC's counsel's affidavit filed in support of the motion to dismiss stated that the Long Policy was "a true and correct copy of the insurance policy issued by Great Northern Insurance Company to Phillip and Jamila Weintraub," ECF 11 ¶ 2, and that the Weintraubs "definitely received the policy,"

2

counsel for GNIC conceded in a pre-motion phone conference with the Court that it had never before raised this argument that the 2018 Policy's terms operated to incorporate the Y-Pages by reference, nor had GNIC ever before raised this provision of the 2018 Policy. See Minute Entry 3/22/2022. This alone suffices to deny the Motion. See Nat'l Union Fire Ins. Co. of Pittsburgh, 265 F.3d at 115.

But even if the Court were to consider the merits of GNIC's new argument, it would not establish any ground upon which reconsideration would be appropriate. GNIC presents no intervening law or new evidence. Nor has GNIC established that the Court clearly erred or that the Opinion effects a manifest injustice.

Indeed, the Court would have rejected GNIC's argument had it been made at the bench trial in the first instance. The 2018 Policy's Renewal provision upon which GNIC now relies only purports to establish the default rule that the existing 2018 Policy will automatically

---

ECF 30 at 31. GNIC now "concedes" that the Long Policy "was not provided in that form to the Weintraubs in 2019." Mot. 3 n. 2. The motion to dismiss opinion did not address the question of whether GNIC could enforce procedural terms contained in identical pages delivered as part of separate insurance contracts because at that time, GNIC's representation to the Court was that it had delivered the Long Policy to the Weintraubs or made that document available online. See ECF 29 at 11. The fact question at issue in the bench trial has therefore remained the same as initially posed: did GNIC ever deliver or make available the supposedly "full" version of the 2019 policy? Once GNIC conceded it had not done so, it fell back on several alternative arguments that would have required the insureds to cut and paste pages from different policies and policy years. Since GNIC provided no basis for the adequacy of this substitute, either in the contract or in case law, the Opinion held that GNIC's failure to deliver the Long Policy was dispositive.

continue in force past its expiration date if no new contract is consummated but the company continues to send invoices and the insureds continue to pay the billed premiums. Mot. 4. Nothing in that automatic renewal provision purports to incorporate forward all 2018 Policy terms to a new written contract delivered by the company with appropriate 2019-2020 coverage dates.

     Moreover, GNIC's unremarkable point that an insurance policy "can" be renewed subject to its terms and conditions does not establish that any renewal for which a new contract was delivered automatically incorporates contract terms or pages from expired insurance contracts. See Mot. 5. Nor did the Opinion hold that "a policy, subject to all of its terms and conditions, cannot be renewed for an additional year by confirming such renewal in writing." Id. Rather, the Opinion took the 2019 Policy as the contract upon which the Weintraubs have sued (a point never disputed by GNIC) and construed the terms of that contract. GNIC has still failed to identify any provision of the 2019 Policy that incorporates by reference any terms from the 2018 Policy. GNIC's oft-repeated contention that "New York law does not require an insurer to provide a copy of the policy to the insured for each policy period," Mot. 5, fails for a related reason: the pro-consumer rule that an insurer may be liable for coverage (with appropriate coverage limitations) even without delivery does not establish that an insurer may enforce procedural conditions precedent to coverage that were omitted from an insurance contract that it delivered and that purports by its own terms to be a complete policy.

4

Accordingly, GNIC has failed to establish an entitlement to have the Court reconsider the Opinion precluding its late-notice-of-claim defense. And even if the Court were to consider GNIC's late-breaking argument on the merits, the result would not change. The Court therefore denies GNIC's motion for reconsideration.

II. **Motion for Interlocutory Appeal**

The Court also denies GNIC's alternative request to certify the Opinion for interlocutory appeal under 28 U.S.C. § 1292. See Mot. 1 n. 1. GNIC has still identified no case law holding that procedural conditions precedent to coverage may be enforced even if erroneously omitted from the contract delivered to the insureds. Accordingly, GNIC has not identified a "substantial ground" for a "difference of opinion" on the issue. 28 U.S.C. § 1292(b).

SO ORDERED.

New York, NY  
March 30, 2022

JED S. RAKOFF, U.S.D.J.